# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2020

Lyle W. Cayce
Clerk

No. 19-60740
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD WAYNE BULLARD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CR-42-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Wayne Bullard appeals the sentence imposed for his conviction of possession of a firearm by an unlawful and habitual user of a controlled substance. The district court sentenced Bullard within his guidelines range to 78 months of imprisonment and three years of supervised release.

We first address Bullard's contention that the district court committed procedural error by failing to consider 18 U.S.C. § 3553(a)(2)(D) with respect

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his need for mental health treatment.  The district court stated that it considered the sentencing factors under § 3553(a)(2), and the district court imposed conditions of supervised release that required Bullard to participate in mental health and drug treatment programs.  There is no error, much less plain error, regarding whether the district court failed to consider § 3553(a)(2)(D).  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Bullard also challenges the substantive reasonableness of his sentence, arguing that the sentence failed to adequately account for his history of military service from 1989 to 2014 and his mental health, including the post-traumatic stress disorder that resulted from his tours of duty in Iraq and Kuwait.  We review the substantive reasonableness of Bullard's sentence for abuse of discretion.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).  His within-guidelines sentence is presumptively reasonable. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017).

The district court heard Bullard's arguments for a below-guidelines sentence but determined that a sentence at the top of the guidelines range was appropriate.  The district court noted Bullard's history of criminal conduct and antisocial behavior and emphasized the need to protect the public.  "[T]he sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *Hernandez*, 876 F.3d at 166 (internal quotation marks and citation omitted). Giving due deference to the district court's sentencing decision, we conclude that Bullard has not shown an abuse of discretion regarding the substantive reasonableness of his sentence.  *See id.* at 166-67.

AFFIRMED.